Uhyixjs, J.
The questions presented by these pleas, and the demurrer thereto, may be resolved into two :
First, Whether the award, upon which the action is brought, is inconsistent with the law applicable to this subject, and
Second, Whether, if good, it is binding upon the defendant in his individual and private capacity, or whether it affects him only in his representative capacity as administrator of Samuel Taggart ; and in considering these questions, I shall confine myself to what I understand to be well settled general principles, without adverting to or citing particular cases and decisions.
It is a general principle, that an award, to be binding and obligatory between the parties, should be certain, mutual, and final upon all the matters submitted.
The fourth, fifth and sixth pleas raise the exceptiohs that it is uncertain, not mutually satisfactory, and not final.
We will examine these exceptions in the order in which they are presented. And first, as to its uncertainty.
The plea alleges that it is uncertain, because it does not order in what manner the debts due from the firm are to be paid, or by v'hom and in what manner the deficiency is to be paid. To settle this, and some other questions connected with it, we are to refer to the submission, and ascertain what the parties submitted to the decision of the arbitrators. By this, it appears that all disputes and controversies respecting the adjustment of the accounts and business of said firm, are submitted to their arbitrament. *446 These are the disputes between the plaintiff, as surviving partner, and the defendant as the representative of the deceased partner of that firm, and not disputes between the said late firm and its debtors or creditors. The duty of the arbitrators, therefore, under this submission, was to ascertain and determine how these partners stood in relation to each other, in their copartnership accounts, how much each had advanced and each withdrawn from the firm, and to award the balance against him against whom it was found. They have, accordingly, done so, and awarded that the defendant should pay out of the estate of Taggart $3,354 10-J, with interest, in nine months from the date of the award. This was to adjust and settle the disputes between the parties to place them upon an equality. They declared this sum to be due from the deceased to the surviving partner, either on account of the over drafts upon the firm, made by the former, or of the over advancements made to the firm by the latter.— Although they do not award that upon the payment of this sum, the plaintiff shall execute any receipts and acquittances for the same, yet such payments would amount to an acquittance and discharge. This is certain, and all the certainty the law requires upon the matter in dispute. What they have further awarded in relation to the debts due to and from the firm, is not. within the terms of their submission, nor does it in any wise affect the previous part of their award. In relation to the dealings and debts between the firm and third persons, they have only declared the law as far as they went. That is to say, they have declared that the debts due to the firm should be applied to the payment of the debts due from the firm, and the surplus should be equally divided between the plaintiff and the defendant, as the administrator of the deceased partner. This the law had before settled, and they could not change. It was the duty of the surviving partner to make these collections ánd pay the debts, and to account for the surplus, if any, and to claim half of the deficiency if any. This was not, nor could it have been, a matter in dispute between these parties. It was not within the submission; but for that cause, the award is not void. It is certain as to the matter submitted. An award may be good, though part of it be made of a thing not within the submission, such part being void. Bao. Abridg., tit. Arbitrament and Award, Letter E.
*447 For like reasons, the objections taken to the award, in the fifth and sixth pleas, to wit, that it is not mutual or final, cannot prevail ; for, as regards the matters submitted, it is both mutual and final. In respect to the debts due to and from the partnership, it leaves the parties where it found them, and where the law has placed them. If the surviving partner neglects to collect the debts due the firm, or, having collected them, neglects to pay the debts due from the firm, the defendant would be entitled to his action against him, and the award could not be set up as a bar. It would be a matter in dispute, arising after the submission and award, and not affected by that part of the award which adjudges that all actions between the parties shall cease.
The demurrer to these pleas is well taken, and should be sustained.
The seventh plea is performance, or a readiness and willingness to perform, and an offer to perform his part of the award, if the plaintiff would perform his part, by collecting the debts due to, and paying the debts owing by said firm, and dividing the surplus, as he was requested to do, but wholly refused. This plea is no defence to the action. It is not a good plea of performance. If, by the award, the plaintiff was bound to do this, it was not a condition precedent. The payment of the $3,354 1(% did in no wise depend upon the plaintiff’s making these collections. It was to be made in nine months from the date of the award, and independently of any act to be performed by the plaintiff. But, as before remarked, these collections and divisions of the surplus, after payment of the debts, were no part of the submission; the award, therefore, in this respect, is void, and the plea bad in substance.
The three remaining pleas, raise a more important and difficult question, to wit, whether the plea of plene administravit, and the proceedings in the orphans’ court, set forth in the ninth and tenth pleas, are a good answer to the plaintiff’s claim, or, in other words, whether the defendant is not personally liable for the amount awarded.
The plaintiff has declared against him in his individual capacity, upon a covenant made by himself and not by his intestate. In the articles of submission, the parties were the plaintiff and the defendant described as the administrator of Samuel Taggart, *448 deceased. The matters submitted, were the disputes or controversies respecting the accounts of the firm of McKeen and Taggart. The agreement was that the award should be final and conclusive between the parties, and that each would abide and perform the same; and each bound himself and his heirs in a penal sum, for the faithful performance of said agreement.
The award is that all controversies and actions between the parties shall cease; that there is due from the estate of Samuel Taggart deceased, to the plaintiff, $3,854 10J. The order or judgment of the arbitrators, is that this sum shall be paid by the defendant, administrator as aforesaid, “ out of the estate of said deceased, in nine months.”
It has been adjudged that a mere submission to an arbitration by an executor, is not in itself an admission of assets 5 T. P. 6; Bac. Abridg., for in many cases it is the best mode of ascertaining whether there be any foundation for the demand, and is often advantageous to both parties. But if an executor, in his submission, bind himself and his heirs &c. to perform the award, he will be bound, whether he has assets or not. 1 T. R. 691; Watson on Part. 4; Tol. on Ex. 465. We are here to enquire, whether these principles can be properly applied to the case before us. Here the defendant, as administrator of Taggart, entered into á submission to an arbitration, and bound himself and his heirs to perform the award, The action had been brought upon the bond or article of submission ; the defendant cannot, therefore, avail himself of these pleas, for it was his own personal covenant, which, in a suit at law, he cannot gainsay or deny, unless we can find some paramount rule of construction applicable to the case,-by which he can evade the former. Covenants are to be construed according to their spirit and intent, which is to be gathered from the whole context, 6 Johns. R. 50; 7 East, 240; Bac. Abridg. tit. Covenant. What, then, is the true intent of the defendant’s covenant here. The object of the submission was to ascertain, by the judgment of third persons, whether anything was due from the estate of the defendant’s intestate to the plaintiff, upon a fair adjustment of the accounts and business of said firm, as between themselves. The arbitrators were to determine the balance that should be due; and the defendant bound himself personally to abide such decision. That *449 is, that ho would submit that such an amount was due, as the arbitrators, upon investigation, should find, and that be, as administrator, would no longer controvert it, but would perform the award, as far as the estate of his intestate and his duties as administrator, under the laws of Yew Jersey, required. This is the rational and fair construction of the articles of submission. The arbitrators so understood it, for they found the balance due, not from the defendant, but from the estate of Taggart, and directed it to be paid out of that estate. If the whole estate of Taggart had been insufficient to pay the amount of this award, the arbitrators did not direct the defendant to pay it out of any other fund. In that case, the award would be impossible to be performed ; yet the defendant would be bound, notwithstanding, to pay as far as the fund would admit; so he is now bound to pay out of that fund, as much as he can pay, consistently with the law and the rights of other creditors. This is his covenant, and for this he is personally bound, and it extends no farther. He did not covenant that the estate was able, or would pay more than this. The strict and technical rule, that a submission by an administrator to arbitration, is not only a reference of the matter in dispute, but also an admission by the administrator,, that he has assets, cannot prevail over the clear intention of thcr parties, as found upon the face of their submission. I am of opinion, upon the whole case, that the eighth, ninth and tenth, pleas, are good in substance, and that the demurrer, as to them,, should be overruled; and as to the other pleas, should be sustained.
Hornblower, C. J. and White, J. concurred.
Ether, J. absent.
Whitehead, J. did not hear the argument.
Demurrer sustained, as to all the pleas except the eighth, ninth and tenth, and overruled as to them.